IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHAWN ROBERT GOING                                                                              PLAINTIFF

        v.                                    Civil No. 12-2035

LT. VENA CUPP; CAPT. JEFF
MARVIN; SHERIFF RON BROWN;
JACOB McCOLLUM; MATTHEW
LANGELY; CPL. ISAREL BURGOS;
RICHARD SMITH, INMATE; DAKOTA
CARLILE; DILLION TRAIT; and
JAMES LONG                                                                                           DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Shawn Robert Going, currently an inmate in the Crawford County Detention Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed *in forma pauperis* (IFP) and it is now determined whether it should be served upon the Defendants.

**I. Background**

According to the allegations of the complaint, the first day he was in custody, Going was jumped on by fellow inmates, Richard Smith, Dakota Carlile, Dillion Trait, and James Long. On the orders of Lt. Cupp, Going was locked down for seven days. During the lock-down, Going states he was not allowed to shower, was not given an hour out of his cell each day, was not fed three meals a day, and was tormented by fellow inmates.

After being locked down for seven days, Going was released. He remained in the same cell block he had previously been attacked in. Going advised an officer that if he was in the

-1-

same area as the other inmates there would be trouble again. After being assured there would be no problems, Going indicates he was again attacked.

Going was asked whether he wanted charges brought against the inmates who attacked him. Going indicated that he did. However, he states nothing was done.

## II. Discussion

A § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 secures most constitutional rights from infringement by governments [or individuals employed by governmental entities], not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588 (8th Cir. 2004). A private individual does not act under color of law. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). Going's claims against fellow inmates Richard Smith, Dakota Carlile, Dillion Trait, and James long are subject to dismissal.

To the extent Going's claims are based on the failure of the Defendants to bring criminal charges against Richard Smith, Dakota Carlile, Dillion Trait, and James Long, the claims fail. A private citizen has no right to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

### III. Conclusion

I therefore recommend that Plaintiff's claims against Richard Smith, Dakota Carlile, Dillion Trait, and James Long be dismissed with prejudice on the grounds that the claims are frivolous and fail to state claims upon which relief may be granted. I also recommend that Going's claims based on the Defendants' failure to have criminal charges filed against these four inmates are also subject to dismissal for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time). By separate order, the complaint will be served on the remaining Defendants.

**Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of March 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)